SHANNON, Judge.
The appellants, as plaintiffs in the court below, bring this appeal by reason of a summary judgment being entered against them in a personal injury cause. In the complaint the plaintiff, Glenn Lincoln Weigi, a minor sixteen years of age, was shot by Thomas Cook, a minor sixteen or seventeen years of age, on September 3, 19S6, and the suit was filed for his injuries and consequential damage to his father. The complaint further charges that the defendant stood in loco parentis to the minor and that he had made available and accessible a .22 calibre pistol to the minor.
*615 Affidavits were taken from the two plaintiffs and from various other people including affidavits from the defendant and various members of his family.
There are two points that are argued in the briefs: one has to do with the minor’s relationship to the defendant, and the other has to do with the defendant’s alleged negligence. We have read all of the affidavits in support of and against the entry of a summary judgment. There is undoubtedly a conflict between the affidavits on non-essential points, but in view of the fact that we rule upon the question of whether or not the defendant stands in loco parentis to the minor, and having decided that he does not, it will be unnecessary for us to consider the question of negligence.
It appears from the record that the defendant, his wife, and three children, all minors, lived in Palm Beach. His wife’s sister had previously secured a divorce from her husband, in which she was given custody of the boy, Tommy, and his father was ordered to pay $100 per month for his support. Insofar as it is germane to the issues, the minor and his mother had lived in Philadelphia, Pennsylvania, during the winter of 1955 and 1956. His mother, in March or April of 1956, came to Palm Beach and was invited to stay at the home of the defendant. Her son, Tommy, was invited by either the defendant or his wife to also visit the defendant during the summer of 1956. Having finished school in Philadelphia he came to Palm Beach sometime in July and he and his mother were going back to Philadelphia sometime in September for the minor to re-enter school. At the time of the accident Glenn Weigl, a minor, and Tommy Cook, a minor, were playing in the defendant’s home. Mrs. Cook, being upstairs, and the defendant and his entire family were away from Palm Beach on vacation. Under these circumstances Tommy obtained a .22 target pistol from the defendant’s room and without provocation shot Glenn.
On the question of the relationship of Tommy and the defendant, the affidavits of William Weigl and Jewel Weigl, the father and mother of Glenn Weigl, contain various conclusions.
After stating certain facts they gave it as their opinion that the defendant acted as the father of the minor. This opinion that they gave was based largely upon the defendant’s telling them after the accident that Tommy had quite a propensity for getting into trouble and that he was the only one that could manage him and, in fact he was going to adopt him. There are quite a few statements contained in the affidavits which tend to sustain the plaintiff’s allegation that the defendant stood in loco parentis to the minor, but when we read the affidavits and eliminate the conclusions, there are no facts that make out the relationship of father and son. In looking to the definition of loco parentis, we find in United States v. McMaster, 5 Cir., 1949, 174 F.2d 257, 259, the following:
“ * * * That sense is defined in Black’s Law Dictionary: ‘In the place of a parent; charged factitiously with a parent’s rights, duties, and responsibilities.’ 42 C.J.S., In, page 489, adds: ‘more specifically, the relationship which a person assumes toward a child not his own, holding the child out to the world as a member of his family toward whom he owes the discharge of parental duties;’ * * * ”
42 C.J.S., In, page 489 further states:
“ * * * It has been said that the accepted definition of a person ‘in loco parentis’ is one who means to put himself in the situation of a lawful father to the child, with reference to the office and duty of making provision for the child; one assuming the parental character and discharging the parental duties. It has been held that the assumption of the relationship is a question of intention, * * * ”
*616 The defendant, insofar as the affidavits are concerned, maintained no such relationship with Tommy, and the various matters that the affidavits show fall far short in making- out the legal sense of this relationship, and hence, there is no real issue as to this material fact in connection with the case before us.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.