RAWLS, Judge.
Defendant, Aetna Life Insurance Company, appealed from a final judgment awarding certain medical expenses to plaintiff, Morton Benjamin.
The only question presented is whether the trial judge correctly found that the insurance policy was ambiguous so that the provisions thereof “ * * * respecting ‘private accommodations’ are readily open to the construction that plaintiff is entitled to 50% of his said expenses under the ‘Covered Medical Expenses’ and ‘Comprehensive Medical Expense Benefits’ of the policy.”
For a period of seven months in 1966, David Benjamin, minor son of plaintiff Morton Benjamin, was institutionalized for treatment of a mental disorder in The Devereux Foundation, Victoria, Texas, at a cost of $600.00 per month. The Benjamin family was insured by a group policy containing medical coverage issued by Aetna. *445 When Aetna denied liability, Benjamin brought this suit.
The pertinent facts are not in dispute. The Victoria branch of The Devereux Foundation is not a “hospital” as defined by the terms of the policy. The child, while so confined, did receive certain medical services, nursing care and prescribed drugs, but the charge made for these items was never proven. The only proof of loss was a blanket fee of $600.00 per month for room and board, supervision, recreational and educational therapy, medical services and treatment.
The policy contains a $25.00 deductible clause with general coverage for 80% of the balance of charges covered under the medical expense portion. It does not provide for blanket medical coverage and then list the exclusion. Instead, it lists only the medical expenses covered therein as follows:
“HOSPITAL EXPENSES: These are the charges made by a hospital, in its own behalf, for
“(a) Board and room. However, if private accommodations are wed, any excess of daily board and room charges over the applicable Private Room Limit[1] will be disregarded.
“(b) Hospital Services, other than board and room, furnished by the hospital while the covered family member is confined as an inpatient; * * *
“OTHER MEDICAL EXPENSES:

“(1) The fees of a physician or surgeon;
“(2) The charges of a registered graduate nurse— * * *
“(3) Hospital out-patient charges;
“(4) The charges for the following medical services and supplies:
(i) Drugs and medicine obtainable only upon a physician’s prescription;
(ii) Diagnostic x-ray and laboratory examinations;
(iii) X-ray, radium, and radioactive isotopes therapy;
(iv) Anesthesia and oxygen;
(v) Rental of iron lung * * * ;
(vi) Artificial limbs and eyes * * *
(vii) Professional ambulance service

“SPECIAL CONDITIONS:

“As to Covered Medical Expenses resulting from mental or nervous conditions incurred while the covered family member is not confined in a hospital or similar institution on an inpatient basis, any benefit payable with respect to such expenses after the Deductible will be at the rate of 50% rather than 80%.”
Reading the policy as a whole we find no ambiguity as to the words “private accommodations.” This phrase, used in the policy under the classification “Hospital Expenses,” clearly denotes a “private hospital room” just as the words “semi-private accommodations” as used in the policy clearly mean “semi-private hospital room.”
Since the trial judge found, and both parties agree, that the institution is not a hospital within the policy definition, the plaintiffs are not entitled to recover under that portion of the policy designated “Hospital Expenses.” The only coverage in the policy for room and board is that received while an inmate of a hospital. Therefore, the Appellant is not liable for room and board incurred at The Devereux Foundation at Victoria.
*446 Both parties concede that the policy was in full force and effect at the time the expenses were incurred. The complaint sought recovery on the basis of the total monthly hospitalization charge without proving the portion attributable to other medical expenses. Although Aetna’s answer denied oil liability for any part of the total monthly charge, it quoted in its answer a provision from the policy by which the applicable medical expenses may be computed. This provision reads:
“In the absence of due proof to the contrary, when a single charge is made for a series of services each service shall be deemed to bear a pro rata share of the charge.”
Aetna is liable for 50% of the amount of charges by Devereux for “services” rendered within the definition of “Other Medical Expenses” and upon remand plaintiffs shall have the right to offer proof of same.
Reversed and remanded for further proceedings in accordance with this opinion.
Reversed.
WIGGINTON, C. J., and CARROLL, DONALD K, J., concur.

. “Private Room Limit” is defined as “The hospital’s average daily rate for board and room in semi-private accommodations.”