293 So.2d 90 (1974)
Timothy DAWSON, a Minor, by and through Robert Dawson, His Father and Next Friend, and Robert Dawson, Individually, Appellants,
v.
BLUE CROSS ASSOCIATION et al., Appellees.
No. S-302.
District Court of Appeal of Florida, First District.
March 7, 1974.
On Rehearing May 7, 1974.
Rehearing Denied May 7, 1974.
*91 Paul R. Stern, of Stern, Bernardini & Chiumento, and S. LaRue Williams, of Kinsey, Vincent & Pyle, Daytona Beach, for appellants.
J. Compton French, of Landis, Graham, French, Husfeld, Sherman & Ford, Daytona Beach, for appellees.
BOYER, Judge.
The plaintiffs below, appellants here, filed a complaint in the Circuit Court of Volusia County against the defendants below, appellees here. The original complaint was not divided into counts but nevertheless prayed for declaratory relief and for a money judgment. The complaint alleged a contract of insurance, in full force and effect, issued by the defendants under which the plaintiffs were insured. It further alleged that the minor plaintiff was a patient of the Devereux Foundation in Glenmore, Pennsylvania; that demand had been made upon defendants to make payment of benefits under the terms of the policy of insurance which was attached as an exhibit to the complaint and that the defendants had failed and refused so to do. The complaint also alleged that the defendants had "taken the position that the Devereux Foundation at Glenmore, Pennsylvania is not a hospital within the meaning of the insurance contract."; that plaintiffs were in doubt as whether they were entitled to hospital benefits under the terms of said contract, and that they prayed for a declaratory judgment, and, as aforesaid, for a money judgment. Although the complaint alleged that the minor plaintiff was receiving "treatment and therapy" administered *92 at the Devereux Foundation, it did not allege any payment or obligation for payment therefor. An order of dismissal, with right to amend, was entered by the trial court. Plaintiffs thereupon filed an amended complaint specifically alleging that the Devereux Foundation in Glenmore, Pennsylvania was a "non-member hospital" as defined in the policy of insurance, reciting specific portions of the policy under which they claimed to be entitled to benefits. The amended complaint specifically alleged that expenses had been incurred by the plaintiffs "at the aforesaid non-member hospital for room and board, special diets and general nursing services and [that the plaintiffs] will continue to incur such expenses at the rate of $1,000.00 per month, and said expenses now total or approach or surpass the amount of $9,000.00, and these expenses are covered by the policy as aforesaid." The amended complaint further alleged that other medical expenses had been incurred and that the plaintiffs had complied with all conditions precedent to the enforcement of the contract of insurance, but that the defendants had denied and refused to honor the terms of said contract and had refused to make any payment of any kind. There was no allegation in the amended complaint of any doubt as to any coverage, right of recovery or other question incident to the contract of insurance; however, there was a prayer for a declaratory judgment and for a money judgment. The trial court granted a motion to dismiss the amended complaint with right to amend. The plaintiffs thereupon filed a second amended complaint, in two counts, alleging the contract of insurance, coverage, that the minor plaintiff was a patient at the Devereux Foundation in Glenmore, Pennsylvania, that the Devereux Foundation in Glenmore, Pennsylvania is a non-member hospital as defined in the policy, specifically quoting pertinent portions of the policy, reciting various alleged facts relative to the Devereux Foundation, its facilities, etc., the incurring of expenses, compliance with all of the conditions precedent to the enforcement of the contract, denial of liability on the part of the defendants and prayed for a declaratory judgment and a money judgment. Again, the second amended complaint is devoid of any allegation of any doubt as to any right or circumstance. In due course the trial court again dismissed both counts of the complaint and entered a final judgment in favor of the defendants.
Plaintiffs perfected this appeal, assigning as errors dismissal of the complaint, amended complaint and second amended complaint.
The sole question to be determined on this appeal is whether the various orders of dismissal were properly entered by the trial court.
At the outset we emphasize that there is a clear distinction between a motion to dismiss, a motion for summary judgment, a motion for judgment on the pleadings, a motion for directed verdict and post trial motions.
Although all persons, including pleaders, should constantly strive for perfection, it is not requisite that every complaint be a model pleading. It is not necessary, nor indeed desirable, that a plaintiff allege evidence. Aside from allegations as to jurisdiction and demand for judgment for relief the rule only requires "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." (Rule 1.110, Florida Rules of Civil Procedure, 30 F.S.A.). If the complaint contains sufficient allegations to inform the defendant of the charges of wrongdoing which constitutes the real basis for the plaintiff's complaint so that the defendant may intelligently answer, it should be held sufficient. [Cohn v. Florida-Georgia Television Company, Fla.App. 1st 1969, 218 So.2d 787.] The allegations must, of course, be sufficient to inform the defendant of the nature of the cause against him. [Naples Builders Supply Co. v. Clutter Constr. Corp., Fla.App. 3rd 1963, 152 So.2d 478.]
*93 A motion to dismiss may not act as a substitute for a motion for summary judgment, and a court may not properly go beyond the four corners of the allegations of the complaint when considering a motion to dismiss it. This court held in Thompson v. City of Jacksonville, Fla.App. 1st 1961, 130 So.2d 105, that:
"Under our rules of procedure and adjudication, when a court is considering the validity of a plaintiff's complaint upon the filing by the defendant of a motion to dismiss on the grounds of failure to state a cause of action, one of the most important principles for a court to keep in mind is that in such consideration the court must confine itself strictly to the allegations within the four corners of the complaint itself. For the purpose of this consideration, also, the court must accept as true the allegations of fact contained in the complaint, and the court is without authority to speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause. The consideration of an appellate court when reviewing the trial court's ruling on the validity of the complaint as against such motion to dismiss, is circumscribed by the same limitations. * * *" (At page 107)
The applicable law was again enunciated by this court in Hopke v. O'Byrne, Fla. App. 1st 1963, 148 So.2d 755, wherein the writer of that opinion stated:
"The sole question to be determined on this appeal is whether in the present action the trial court properly granted the defendant's motion to dismiss the plaintiff's complaint. In such a consideration the trial court and this court are confined exclusively to an examination of the complaint and any attached documents incorporated therein in determining whether the plaintiff has alleged a cause of action. The question of the sufficiency of the evidence which the plaintiff will likely be able to produce in a hearing on the merits, is wholly irrelevant and immaterial in reaching such a determination." (At page 755)
* * * * * *
"* * * It is basic that in passing upon a motion to dismiss a complaint, all of the well-pleaded allegations of the complaint must be accepted as true. In our court system no privilege is more valuable than the opportunity accorded a plaintiff who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts." (At page 756)
What the proof may ultimately show is not a question in the proceeding before us, nor was it a proper question to be considered by the trial court. The sole issue is and was whether the complaints or any of them contained sufficient allegations of ultimate fact to state a cause of action affording relief, if ultimately proved. We find that they did.
Although the original complaint was deficient as to allegations supportive of the demand for money judgment it sufficiently alleged the existence of the policy of insurance, the insurance afforded thereby, that the minor plaintiff was a patient at the Devereux Foundation in Glenmore, Pennsylvania and that the plaintiffs were in doubt as to whether they were entitled to hospital benefits under the terms of the policy. It is clear from a reading of the entire complaint that under the allegations thereof plaintiffs were entitled to a declaratory judgment as to whether or not insurance was afforded under the policy to cover expenses incurred by an insured while institutionalized at the Devereux Foundation in Glenmore, Pennsylvania. Burns v. Hartford Accident and Indemnity Company, Fla.App. 3rd 1963, 157 So.2d 84; 9a Fla.Jur., Declaratory Action, § 29 and cases there cited.
On the other hand, the amended complaint and the second amended complaint *94 were both insufficient to state a cause of action for declaratory relief but each contained all of the essential ingredients of a claim against the insurer for failure to pay under the terms of the policy.
In so holding we again harken back to Thompson v. City of Jacksonville, supra, wherein this court, after finding there that the second amended complaint stated a cause of action, said:
"We, therefore, hold that the plaintiff's second amended complaint does state a cause of action for compensatory damages and that the defendant's motion to dismiss directed to it should have been denied. Our ruling, of course, is necessarily restricted to the allegations of this complaint as allegata, and a defendant in this situation is afforded by our Rules of Civil Procedure several ample opportunities to see that the cause of action proved under the complaint measures up to the legal requirements recognized by the courts for the cause of action  through discovery procedures, motion for summary judgment, and motion for a directed verdict. After trial the legal sufficiency of the evidence can be tested through a motion for a new trial and appeal. Similar opportunities under our procedure are afforded a plaintiff to test the legal sufficiency of the evidence presented by a defendant in support of the allegations in his defensive pleadings." (Thompson v. City of Jacksonville, Fla.App. 1st 1961, 130 So.2d 105, at page 109)
We have not overlooked Travelers Insurance Company v. Esposito, Fla.App. 3rd 1965, 171 So.2d 177, and the opinion of this court in Aetna Life Insurance Company v. Benjamin, Fla.App. 1st 1968, 206 So.2d 444, each of which treated cases involving insurance coverage for confinement in or treatment at the Devereux Foundation of Victoria, Texas. It may well be that ultimately the holdings in one of both of those cases will be determinative of the final disposition of this case. However, it will be noted that neither of those cases involved an order of dismissal. In the former a summary judgment in favor of the plaintiff, insured, was affirmed and in the latter this court considered an appeal from a final judgment awarding certain medical expenses to the plaintiff therein; this court ultimately holding that under the terms of that policy the plaintiffs were not entitled to recover under the portion of the policy designated "hospital expenses" but that the insurer was liable for a certain amount of the charges for "services".
We further point out that in each of those cases the Devereux Foundation of Victoria, Texas was involved, and there is no allegation in the complaint, nor is there any basis for finding, that the Devereux Foundation of Victoria, Texas is the same type of institution as the Devereux Foundation in Glenmore, Pennsylvania. Further, in the Travelers case affidavits and depositions before the court contained factual recitations which may or may not be the same as the facts which may be ultimately adduced in the case sub judice. Another facet of the Aetna case which may be of vital importance was the stipulated fact that "the Victoria branch of the Devereux Foundation is not a `hospital' as defined by the terms of the policy." No such stipulation has been called to our attention in the case sub judice.
For the reasons hereinabove recited this case is reversed and remanded for further proceedings in accordance with this opinion.
The appellants have filed a motion for attorney's fees in accordance with the applicable statute and rule. That motion is granted and the trial court is directed to enter a judgment for attorney's fees in favor of the plaintiffs and against the defendants for the sum of $2,000.00 plus such costs as shall be taxed by the trial court *95 incident to this appeal upon appropriate motion and proceedings.

ON REHEARING GRANTED
The appellees have filed a timely petition for rehearing requesting that we reconsider that portion of our opinion granting and fixing attorneys' fees for appellants' attorneys incident to this appeal. The petition is granted and we hereby recede from the last paragraph of our opinion.
A careful reading of Florida Statutes 627.428, F.S.A., leads us to concur with our sister courts of the Second District and Third District and hold that the award of attorneys' fees pursuant to the above mentioned statute is permissible only upon, or following, the rendition of a judgment or decree; which has not occurred in the case sub judice. (See Daleo v. Bert & Bette Bayfront 66 Marine, Fla.App. 3rd 1972, 273 So.2d 113 and Segelstrom v. Blue Shield of Florida, Inc., Fla.App. 2nd 1970, 233 So.2d 645.)
Therefore, the trial court be and it is hereby directed and empowered, in the event the appellants ultimately prevail, to consider those matters incident to this appeal which are properly to be considered incident to the fixing and awarding of attorneys' fees, including the novelty of the issues involved on the appeal, the time required, the success which has been accomplished, and the experience of counsel, and to thereupon fix an amount of attorneys' fees to be awarded to appellants' attorneys for the services rendered incident to this appeal.
Nothing herein should be construed as limiting, or passing upon, the propriety of attorneys' fees awarded or ordered incident to an appeal following a final judgment entered in a case between an insurer and its insured or named beneficiary.
SPECTOR, Acting C.J., and JOHNSON, J., concur.