PER CURIAM.
Appellants, Mr. and Mrs. George S. En-gle, Sr., the paternal grandparents, seek review of an order denying their motion to be relieved from a judgment and order designating them as formal custodians of their three minor grandchildren, and directing them to contribute financially to their grandchildren’s support and maintenance.
In April 1971 George Engle, Jr. petitioned for divorce and in September moved that the custody of the three minor children be changed from his wife Annie to his parents. The trial court, finding that neither George, Jr. nor Annie was a fit and proper person to have care of their three children, awarded custody of the children to appellants. In November, with the apparent approval of the court, the three children moved into the home of the *659 maternal grandparents, Mr. and Mrs. Charles Venice, with the consent of appellants. On February 2, 1972 the court dissolved the marriage between George and Annie and reserved jurisdiction to determine the question of child custody. On July 5, 1972 the court entered an order directing that the minor children remain in the actual care and custody of Mr. and Mrs. Venice with formal custody in the appellants, and instructing the appellants to continue to contribute financially to the support, maintenance and welfare of the children to the same extent as that contributed by them over the period in which temporary custody was with them. Upon the petition of Mr. and Mrs. Venice for enforcement of court order (of July 5, 1972), appellants were ordered to pay the children’s school tuition, medical and dental bills, and to reimburse the Venices for the cost of the children’s clothes. On October 10, 1974 appellants filed a motion to be relieved from judgment and order pursuant to RCP 1.450 on the grounds that the July 5, 1972 order was void in that the law compels parents to contribute to the support of their minor children. The motion was denied and this appeal ensued. We reverse.
First, it is the duty of the father, not the grandparents, to support the minor children and this duty is not affected by the fact that the custody of the children has been taken from the parent by a decree of a court of competent jurisdiction. See Schiff v. Schiff, Fla.App.1960, 123 So.2d 295 and 24 Fla.Jur. Parent and Child § 11 (1959).
Second, upon the transfer of actual custody and control to the Venices, it was inequitable to require the appellants to continue to support the grandchildren. Further, there is no statute or common law requiring appellants to make support payments on behalf of their grandchildren.
Third and last, the grandchildren residing in the home of the maternal grandparents, it cannot be said that appellants stand to the children in loco parentis and, thus, be bound for their maintenance, care and education. Cf. Weigl v. Ombres, Fla.App.1958, 106 So.2d 614; Fussell v. Douberly, Fla.App.1968, 206 So.2d 231.
The order of denial appealed is reversed and this cause is remanded to the trial court with directions to enter a new order granting appellants’ motion to be relieved from judgment and order.
Reversed.