350 So.2d 1115 (1977)
Mark J. WYATT, a Minor, by His Next Friend and Parent, Albert B. Wyatt, and Albert B. Wyatt, Individually, Appellants,
v.
Robert McMULLEN, a Minor, Gerald McMullen, Catherine McMullen, His Parents, and Robert Henley, a Minor and Dyna Henley and Joseph H. Smith, His Parents and Custodians, Appellees.
No. EE-218.
District Court of Appeal of Florida, First District.
October 17, 1977.
*1116 Robert B. Kane, Tallahassee, for appellants.
J. Eugene Kelley, Jr., of Cotton, Shivers, Gwynn & Daniel, Tallahassee, for appellees.
BOYER, Judge.
Plaintiff Albert B. Wyatt is the father of Mark J. Wyatt a 12-year-old minor who is alleged to have received injuries to his eye as a result of being shot with a BB by the 8-year-old minor defendant Robert Henley by the use of a BB gun allegedly owned by the 6-year-old minor defendant Robert McMullen. Defendants Gerald McMullen and Catherine McMullen are the parents of the minor owner of the BB gun, Robert McMullen. The defendant Dyna Henley is the mother of the minor Robert Henley, who allegedly fired the gun as aforesaid. They allegedly lived with and "are members of the household of" defendant Joseph H. Smith.
Plaintiffs filed a two count complaint against all of the defendants. Upon considering motions to dismiss the second amended complaint the learned trial judge dismissed with prejudice count two as to all defendants. He also dismissed count one as to defendant Joseph H. Smith only. It is from that order that the plaintiffs in the trial court have taken this appeal. Appellants do not urge that they should have been afforded an opportunity to further amend, it being their position that each count of the second amended complaint stated a cause of action as to all defendants. No cross appeal has been taken from the refusal to dismiss count one as to the McMullen defendants or the Henley defendants. Accordingly, the issues for our determination relate to the propriety of the dismissal of count one as to Joseph H. Smith and the dismissal of count two as to all defendants.
We conclude that, as to count one, it was error to dismiss Mr. Smith. It is axiomatic that in considering a motion to dismiss a complaint all facts properly pleaded must be taken as true (for the purpose of that motion), the trial judge is restricted to the allegations of the complaint and the complaint should not be dismissed if the facts alleged therein would establish, if proved, a prima facie case for relief. (Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974); Thomas v. Rollins, 298 So.2d 186 (Fla. 1st DCA 1974); Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975); and Florida First National Bank v. City of Jacksonville, 310 So.2d 19 (Fla. 1st DCA 1975).)
The second amended complaint alleges that the defendant minor, Robert Henley, "is under the protection, custody and control of and resides with Dyna Henley, his natural mother, and Joseph H. Smith, his step-father or custodian or guardian, or person in `loco parentis' * * *" and that "said Robert Henley and his said mother are members of the household of Joseph H. Smith."
It was not the prerogative of the trial court to determine, on a motion to dismiss, the truthfulness of those allegations. The able trial judge apparently was of the view that a prima facie case had been alleged against Mrs. Henley, the minor's mother, otherwise the complaint should have also been dismissed as to her. *1117 We agree. (See Gissen v. Goodwill, 80 So.2d 701 (Fla. 1955); Weigl v. Ombres, 106 So.2d 614 (Fla. 2nd DCA 1958); Restatement of the Law, Second, Torts, Second, § 316; and Annotation at 68 A.L.R.2d 782.) There is no difference, so far as common-law tort liability is concerned, between one in loco parentis and a natural parent. (See Weigl v. Ombres, supra) [which was decided on summary judgment and not motion to dismiss] and King v. Dade County Board of Public Instruction, 286 So.2d 256 (Fla. 3rd DCA 1973), cert. den., 294 So.2d 89 (Fla. 1974).) If Smith could have been held liable under the allegations of the complaint had he been the natural parent of Robert Henley, then the same allegations are effective to impose liability as a person in loco parentis.
There is yet another approach to Mr. Smith's liability under the allegations of count one of the dismissed complaint. Stripped to its essentials, that count of the complaint alleges that Smith (and the other adult defendants) knew that Robert Henley customarily, frequently and repeatedly used the BB gun, a dangerous instrumentality, owned by Robert McMullen without any adult supervision in a dangerous and negligent manner; that Smith (and the other adult defendants) knew, or in the exercise of reasonable care should have known, that Robert did not use good judgment in the handling of said gun; that with the consent, knowledge and permission of all of the other defendants (including Smith) the minor Henley borrowed said gun from the minor McMullen and used same without supervision at the premises of Smith; that the minor Henley "negligently, willfully, wantonly and with gross disregard for the safety of plaintiff Mark J. Wyatt, aimed and fired said air rifle at Mark J. Wyatt, striking him in the left eye, thereby causing him permanent injury and damage." As already above stated the complaint also alleged that the minor Henley was under the custody and control of Smith (and the child's mother Dyna Henley).
Those allegations are sufficient to charge Smith with negligence: Not vicarious responsibility for the acts of another, but with primary negligence because of his own actions and omissions. As stated in 59 Am.Jur.2d, Parent and Child, § 132:
"* * * whether the defendant is a parent or another, his liability, if any, is for the consequences of his own negligence, not a vicarious responsibility for the acts of the child."
The next section of the same text recites:
"Although there have been some decisions in which this principle was not recognized, the general rule is that a parent may be liable for the consequences of failure to exercise the power of control which he has over his children, where he knows, or in the exercise of due care should have known, that injury to another is a probable consequence. Thus, a father may be held liable where he knows that his children are persisting in a course of conduct likely to result in injury to another. Failure to restrain the child, it is said, amounts to a sanction of or consent to his acts by the parent. But ability to control the child, rather than the relationship as such, is the basis of the parent's liability, and it has accordingly been recognized that, under appropriate circumstances, similar liability might fall on a nonparent who had such ability but negligently failed to exercise it. * *" (59 Am.Jur.2d, Parent and Child, § 133, citations omitted)
An excellent annotation on the subject appears in 68 A.L.R.2d, commencing on page 782. In that annotation the author states:
"Considerable conflict, both jurisdictional and intrajurisdictional, appears among the cases which have considered the questions under annotation.
"The fundamental common-law rule that a parent is not responsible for the tort of his child has frequently been referred to by the courts in considering the problem. However, the cases which take the view that a parent may be liable for injuries inflicted by his minor child with a gun which the parent has permitted him to have, or left accessible to him, are not in *1118 conflict with that general rule, since the liability of the parent in such cases is based upon his own negligence in his care and control of the gun under the particular circumstances of the case.
"Thus it appears that the rules applicable in actions for negligence in permitting a child to have a gun or access thereto are the same whether the action is against the child's parent or against some other person. * * *" (68 A.L.R.2d 785)
* * * * * *
"In the majority of cases in which one's responsibility for permitting a child to have a gun or leaving a gun accessible to a child has been considered it has been held that prima facie negligence is established by a showing that defendant permitted an inexperienced or irresponsible infant to have a dangerous gun or that he left such a gun in a place where he should have foreseen that it would come into the hands of such a child." (68 A.L.R.2d 786)
* * * * * *
"In order to impose liability for permitting a minor to have a gun it must of course be established that the person sought to be charged knew that the minor had the gun or might obtain it." (68 A.L.R.2d 789)
* * * * * *
"A defendant will ordinarily be held liable for injuries inflicted by a minor with a gun if it is shown that he permitted the minor to have a gun, knowing that the minor was of a reckless or malignant disposition." (68 A.L.R.2d 793)
* * * * * *
"Permitting a child to remain in possession of a gun after knowledge of his reckless use thereof may be found negligence upon which liability be imposed." (68 A.L.R.2d 794)
In Cashell v. Hart, 143 So.2d 559 (Fla. 2nd DCA 1962), our sister court, relying neither upon the dangerous instrumentality doctrine nor statutory liability, but citing Gissen v. Goodwill, supra, held it error to have dismissed a complaint against the owner of a boat which he was alleged to have known (or should have known) would be used by an inexperienced and incompetent operator.
We, of course, express no view as to whether appellants will be able at trial to prove the allegations of their complaint. We do, however, hold that count one states a cause of action against appellee Smith and that appellants are entitled to an opportunity to present their proof.
By count two of the second amended complaint the plaintiffs sought to impose upon the defendants strict liability under F.S. 790.22. The learned trial judge dismissed that count in reliance upon Williams v. Youngblood, 152 So.2d 530 (Fla. 1st DCA 1963). We agree that the holding there is dispositive as to count two of the second amended complaint sub judice and that the learned trial judge did not err in its application.
Another issue which, though perhaps premature now, will surely arise when and if this case ultimately proceeds to trial relates to the propriety of an instruction to the jury relative to F.S. 790.22. For guidance of the able trial judge, and the attorneys for the respective parties, we express the view that if the evidence adduced at trial be such as to permit the jury to find a violation of F.S. 790.22(1) then as to any claim against any adult defendant responsible for the welfare of Robert Henley, plaintiffs are entitled to an instruction to the jury relating to violation of such statute if there is also evidence from whence the jury could legally find that such adult defendant responsible for the welfare of said child knowingly permitted such child to use or have in his possession said BB gun in violation of subsection (1) of said statute. (See de Jesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973) and Instruction 4.9 Florida Standard Jury Instructions)
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J., and MILLS, J., concur.