356 So.2d 1344 (1978)
The LEWIS STATE BANK, a Florida Banking Corporation, Appellant,
v.
The TRAVELERS INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. HH-78.
District Court of Appeal of Florida, First District.
April 5, 1978.
*1345 John D. Buchanan, Jr. of Henry, Buchanan, Mick & English, Tallahassee, for appellant.
J. Lewis Hall, Jr. of Hall & Booth, Tallahassee, for appellee.
BOYER, Acting Chief Judge.
By this appeal the Lewis State Bank, plaintiff in the trial court, seeks reversal of an order dismissing its second amended complaint with prejudice.
It is axiomatic that a hearing on a motion to dismiss is not a proper substitute for trial and a plaintiff is not required to prove his cause of action in his complaint. The cause of action need only be alleged. The question of the sufficiency of the evidence which the plaintiff will likely be able to produce in a hearing on the merits is wholely irrelevant and immaterial in reaching such a determination. (See Hopke v. O'Byrne, 148 So.2d 755 (Fla. 1st DCA 1963).) In acting on a motion to dismiss a trial judge may not properly go beyond the four corners of the allegations of the complaint. If the complaint alleges the necessary legal requisites of a cause of action and the allegations are sufficient to inform the defendant of the nature of the cause against him, then it must be held sufficient. (Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974)). With those principles in mind, we must examine the dismissed complaint to determine the propriety of the order here appealed.
By its second amended complaint the Bank alleged that on June 8, 1966 the defendant, the Travelers Insurance Company, insured one Symon under a specified contract of insurance requiring an annual premium of $1,609.60; that on July 16, 1971 Symon assigned said policy to the Bank as collateral security for an indebtedness owed by Symon to the Bank; that the insurance company acknowledged the assignment; that Symon thereafter died; that Symon is yet indebted to the Bank; that following Symon's death the Bank discovered that some year and a half earlier the insurance policy had been allowed to lapse for non-payment of premium; that no notice had been given to the assignee Bank; "that the defendant by custom and usage usually notifies the assignees of said policies of a lapse of policy"; that the Bank "was supposed to be notified by virtue of the Defendant's business policy concerning this insurance *1346 contract"; that the insurer "by custom and contract would send notice of the default to the insured, Donald G. Symon and also send a notice and form for reinstatement to the insured, Donald G. Symon and that by virtue of notification of the insured, the defendant by custom and actual practice was required to notify the assignee of the default in the payments as it did the insured Donald G. Symon."
The plaintiff tendered payment of premiums required for reinstatement, prayed that the insurance be reinstated and that the insurer be required to pay to the Bank the face value of the policy less any outstanding loan.
We first consider appellant's claim that by virtue of F.S. 627.422 the appellee insurance company was required to send it, as assignee, notice of default in the payment of premiums. We find no such provision in that statute. Neither does any such requirement appear in the assignment and the parties agreed during oral argument that the policy itself contained none.
The general rule regarding an insurer's duty to notify an assignee of premiums due or of policy lapses may be found in 5 Couch on Insurance 2nd sec. 30.143, as follows:
"In the absence of any statute or contract of the insurer to the contrary or conduct of the insurer giving rise to a duty to notify the assignee, there is no duty on the insurer to notify an assignee of the policy of premiums or assessments due thereon . .."
That principle was applied in a leading case, Sorenson v. National Life Insurance Co., 56 Wis.2d 92, 201 N.W.2d 510 (1972). The facts there were very similar to those sub judice. In the Sorenson case the insurance company issued a life insurance policy to one Stowe, who subsequently assigned the policy as collateral for liabilities owed or arising in the future to Sorenson. The assignment was filed with the insurance company on a form provided by the company. No premium notices were sent to the assignee. The assignee allowed the policy to lapse for failure to pay premiums when due. Stowe died approximately one year after the policy lapsed. The insurance company subsequently denied a claim on the policy. Sorenson attempted to recover death benefits, claiming that as the insured he was entitled to the same notice. The lower court sustained a demurrer to the action. Wisconsin's Supreme Court ruled that absent a statute or contract to the contrary, the assignee was not entitled to notice unless he was obligated to pay the premiums on the policy and that recordation of the assignment was insufficient to imply a contract requiring notice be sent to the assignee.
The general rule above quoted also allows specific courses of conduct between the insurer and the assignee to give rise to a duty to notify the assignee of premiums due or lapses. Cases on that point are collected in an excellent annotation appearing at 68 A.L.R.3d 360 (1976). Several of those cases have been referred to by the appellant.
In Elgutter v. Mutual Reserve Fund Life Association, 52 La. Ann. 1733, 28 So. 289 (1900), the assignee was held entitled to notice of premiums due before the insurance contract could be terminated for non-payment. However, the insurance contract allowed the insured to designate someone other than himself to receive notice, the insurance company had in fact notified the assignee of monthly premiums due for approximately four years prior to the termination of the insurance, the assignee was responsible for making the premium payments under the assignment, and demand for reinstatement was made only seven days after the premiums were due.
In Mutual Life Insurance Co. v. Davis, 154 S.W. 1184 (Tex.Civ.App. 1913), the insurance company's actions created a right in the assignee to notice. In that case the insurance company agreed with the assignee that a collector would be sent to the assignee's place of business to collect premiums from the assignee, who was responsible for paying the premiums. The insurance company also agreed to notify the assignee of any failure to collect the premiums and *1347 afford the assignee an opportunity to pay the premiums. The insurance company was advised that the assignee kept no records of premiums due and was thus aware that the assignee relied upon the notice offered by the company. The company followed the promised procedure for nine payments and the premiums were promptly paid. The insurance company failed to send a collector, failed to send notice of the premium due, and failed to notify either the assignee or the insured of the resulting forfeiture. Under those circumstances, the court ruled that the insurance company was estopped to assert the forfeiture.
In Missouri Cattle Loan Company v. Great Southern Life Insurance Company, 330 Mo. 988, 52 S.W.2d 1 (1932), the court refrained from holding that custom and conduct alone would give rise to a duty to notify the assignee of premiums due, finding instead that written assurances that such notices would be given to the assignee, in addition to actual conduct over a three year period when notices were given, gave rise to reasonable reliance by the assignee that notice would be given. Under those circumstances the court found the insurance company was estopped to assert forfeiture for non-payment.
In each of the cases upon which the appellant has relied, the assignee has been given a right to notice by either some provision of the insurance contract or express assurances from the insurance company that the assignee would be notified, in conjunction with a practice established of actually notifying the assignee.
Turning now to Florida, we find no case "on all fours". Our sister court of the Second District said in a somewhat analogous case that, there being nothing in the policy or in any arrangement between the parties requiring that notice be given to the assignee, "the insurer was under no duty to inform the assignee of the time when payment of premiums was required." (Massachusetts Mutual Life Insurance Company v. Pinellas Central Bank & Trust Company, 175 So.2d 245 (Fla. 2d DCA 1965), at page 248).
Appellant relies heavily on an opinion of this court, Travelers Insurance Company v. Tallahassee Bank and Trust Company, 133 So.2d 463 (Fla. 1st DCA 1961). That case, however, is clearly distinguishable. In the Travelers case the bank was assigned a five-year term life insurance contract. Under the contract, the term insurance was automatically convertible to whole life upon paying five years of premiums. The real issue in question was to whom the converted insurance was to be submitted. The insurer submitted the policy to the insured, but not the assignee. The court held that the assignee was entitled to the converted policy under the terms of the original insurance contract and the assignment. Since the assignment gave the assignee the right to exercise all rights and options, and since the receipt of a converted policy was a right granted under the original insurance contract, the insured was not authorized to exercise the right by accepting or rejecting the converted policy. The essential holding in the Travelers' case is that both parties, the insurer and the insured or his assignee, are bound by the terms of the insurance contract. That proposition is in line with the holding of the Massachusetts Mutual Life Insurance Company v. Pinellas Central Bank and Trust Company, supra.
It is interesting to note that the assignee in Sorenson v. National Life Insurance Co., supra, also attempted unsuccessfully to rely on our decision in the Travelers case as supporting his view that the assignee was owed a duty of notification. (See 68 A.L.R.3d 354, 355.) The Wisconsin Supreme Court did not address the Travelers decision, however, apparently finding it inapplicable to the case in controversy.
In the case sub judice, the insurance contract provided that premiums were payable on or prior to the due date. In the event of a default the insured was allowed a thirty-one day grace period for payment of the overdue premium. After the grace period, the contract provided that the insurance would continue as Extended Term Insurance, with the premiums to be paid from the cash surrender value, so long as there *1348 was a cash surrender value. At the expiration of the Extended Term Insurance, the insurance contract expired.
The terms of that contract make no provision for notice to either the insured nor his assignee, who took subject to those terms. Neither does the complaint allege any agreement between the appellant and appellee amending the contract.
Appellant argues that conduct by an insurer can create a duty to notify an assignee that policy premiums are due, citing Couch on Insurance, 2d Section 30.143 (1960). Appellee concedes such to be true and, indeed, the authorities which we have already alluded to are to that effect. Appellant in its brief, citing Elgutter v. Mutual Reserve Fund Life Association, supra, further urges that "where an assignee was led into the belief that he could safely rely on receiving notice the policy could not be cancelled by the insurer for non-payment of premiums without notice to the assignee." We take no issue with that contention: However, it has no application here. Appellant, obviously being careful not to allege that which it could not prove (for which it is to be commended), carefully avoided alleging any reliance by it upon any conduct, custom or usage on the part of appellee.
Although the second amended complaint alleges that the insurer "by custom and usage usually notifies the assignees" and that appellant "was supposed to be notified by virtue of defendants business policy" there is no allegation of any conduct by the insurer, toward the bank, tending to lead the bank to rely justifiably on an expectation that it would receive notice of nonpayment of premiums: Nor is there an allegation that the bank relied on any such conduct.
There being no duty on the part of appellee to have notified appellant of premiums due on the policy, nor lapse thereof, and no contrary conduct on the part of appellee sufficient to invoke estoppel nor to effect an amendment to the policy, having been alleged, we conclude that the learned trial judge did not err in entering the order of dismissal here appealed.
AFFIRMED.
SMITH, J., and McLANE, RALPH M., Associate Judge, concur.