PER CURIAM.
Newgard appeals the trial court’s order dismissing her second amended counterclaim. We reverse and remand.
On October 17, 1979, Johnstown Properties filed a complaint in county court seeking damages for unpaid rent and Newgard’s eviction. Newgard filed a counterclaim seeking relief based on, among other theo *846 ries, breach of contract, fraud, and intentional interference with a business relationship. The cause was then transferred to the circuit court where Johnstown moved to dismiss for failure to state a cause of action. The trial court granted the dismissal and Newgard filed an amended counterclaim essentially seeking the same relief and alleging the same facts. Johnstown again moved for a dismissal which was granted by the trial court. Newgard then filed a second amended counterclaim which was also dismissed for failure to state a cause of action. Newgard appeals the order dismissing the second amended counterclaim.
In determining whether a counterclaim states a cause of action, the court must look to the four corners of the pleading. Wyatt v. McMullen, 350 So.2d 1115 (Fla. 1st DCA 1977). The pleading adequately states a cause of action if it contains a short plain statement of the ultimate facts which informs the defendant of the nature of the cause against him. Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974). We have reviewed the record and find the second amended counterclaim complies with the rules of civil procedure and sufficiently states a cause of action. Accordingly, the order is reversed and the cause remanded for proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.