ORFINGER, Chief Judge,
concurring:
I concur in the result reached here. The third party complaint was framed in negligence, not breach of contract. It alleged a duty on the part of the agency to notify the insured of the potential expiration of the policy and of the availability of renewal coverage, and the negligent breach of that duty.
As with any other negligence action, there must be a showing of a duty and a negligent breach thereof proximately resulting in damage. In the absence of any statute or contract, there is no duty as a matter of law which requires an insurer to notify an insured of the time when a premium comes due. A duty may arise, however, by an oral agreement or by a course of conduct between the parties which gives rise to a reasonable belief that there exists an agreement that renewal notices will be sent. See Lewis State Bank v. Travelers Insurance Company, 356 So.2d 1344 (Fla. 1st DCA 1978); Federal Crop Insurance Corporation v. Deerfield Groves Company, 195 So.2d 625, 629 (Fla. 4th DCA 1967).
Here, the very facts giving rise to the alleged duty were in dispute. Since the action was founded in negligence, the comparative negligence of the plaintiffs was a viable defense, and the non-existence of this defense was not conclusively shown by ap-pellee. Therefore, I agree that summary judgment was improper here.