80 So.2d 701 (1955)
Julius GISSEN, Appellant,
v.
Albert GOODWILL and Mrs. Albert Goodwill, Appellees.
Supreme Court of Florida. Special Division A.
April 29, 1955.
*702 Louis Vernell and Sherman & Bellman, Miami Beach, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellees.
KANNER, Associate Justice.
The trial court entered judgment against the appellant, Julius Gissen, for his failure to state a cause of actionable negligence against the appellee parents, Albert Goodwill and Mrs. Albert Goodwill, for injury inflicted by their minor child, Geraldine Goodwill, upon the appellant. The appeal is from this judgment.
This Court has dismissed the minor child as a party to this appeal for lack of jurisdiction. Gissen v. Goodwill, Fla., 74 So.2d 86.
It is averred in the second amended complaint that at the time of the appellant's injury, he was employed as a clerk at the Gaylord Hotel in the City of Miami Beach, Florida, and the appellees were residing as business invitees at the same hotel; that the minor child, Geraldine Goodwill, 8 years of age, "did wilfully, deliberately, intentionally and maliciously" swing a door "with such great force and violence against the plaintiff so that the middle finger on plaintiff's left hand was caught in the door and a portion of said finger was caused to be instantaneously severed and fell to the floor." It is further averred that
"owing to a lack of parental discipline and neglect in the exercise of needful paternal influence and authority, the defendants, Albert Goodwill and Mrs. Albert Goodwill carelessly and negligently failed to restrain the child, Geraldine Goodwill, whom they knew to have dangerous tendencies and propensities of a mischievous and wanton disposition; that said parents had full knowledge of previous particular acts committed by their daughter about the hotel premises, such as striking, knocking down and damaging objects of furniture and furnishings and disturbing and harassing the guests and employees of the hotel and that the defendant Geraldine Goodwill did commit other wanton, wilfull and intentional acts of a similar nature to the act committed against the plaintiff, such as striking guests and employees of the aforesaid hotel, which acts were designed or resulted in injury, so that the child's persistent course of conduct would as a probable consequence result in injury to another. Said parents, nevertheless, continually failed to exercise any restraint whatsoever over the child's reckless and mischievous conduct, thereby sanctioning, ratifying and consenting to the wrongful act committed by the defendant, Geraldine Goodwill, against the plaintiff herein."
This is a case of first incidence in this Court's jurisdiction, posing as it does the problem of whether the specific set of circumstances here can render the parents of the minor child accountable at law for the tort alleged to have been committed by the child.
*703 It is basic and established law that a parent is not liable for the tort of his minor child because of the mere fact of his paternity. 39 Am.Jur., sec. 55, p. 690; and 67 C.J.S., Parent and Child, § 66, p. 795. However, there are certain broadly defined exceptions wherein a parent may incur liability: 1. Where he intrusts his child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others. 2. Where a child, in the commission of a tortious act, is occupying the relationship of a servant or agent of its parents. 3. Where the parent knows of his child's wrongdoing and consents to it, directs or sanctions it. 4. Where he fails to exercise parental control over his minor child, although he knows or in the exercise of due care should have known that injury to another is a probable consequence. 39 Am.Jur., secs. 56, 57, 58, 59, pp. 692-697; 67 C.J.S., Parent and Child, §§ 67, 68, pp. 797-800; and Steinberg v. Cauchois, 249 App.Div. 518, 293 N.Y.S. 147.
Analyzing this problem in the light of the exceptions for parent liability enumerated, one may note that the exceptions relating to instrumentality intrusted to a child, to master and servant or agent relationship, and to parental consent or sanction of a tortious act by the child do not bear upon the circumstances here involved. It is only the fourth category which may be logically analyzed for the purpose of determining whether legal culpability might be attached to the parents of the child here concerned, and it is on this exception to the general rule that the appellant relies.
It is the position of the appellees that the appellant has not succeeded in alleging sufficiently that the appellee parents failed in the duty imposed upon them to exercise parental discipline and control over their 8 year old daughter with relation to a specific act which she was in the habit of doing and which caused the injury complained of; and that the failure so to do is fatal and thereby actionable negligence is not charged.
In the Restatement of the Law, sec. 316, pp. 858, 859, on the subject of Torts, dealing with the duty of the parent to control the conduct of his child, it is said, "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
"(a) knows or has reason to know that he has the ability to control his child, and
"(b) knows or should know of the necessity and opportunity for exercising such control."
An analysis of cases related to or bearing upon the type of case that we have here is necessary in order to determine whether the second amended complaint states a cause of action or whether it is deficient for the reason urged by the appellees.
In the case of Bateman v. Crim, D.C. Mun.App., 34 A.2d 257, the question concerned the liability of the parents of two boys, 10 and 12 years of age, who, while playing on the sidewalk with a football, collided with plaintiff, injuring her. The court instructed verdict for the parents, which verdict was affirmed on appeal. Plaintiff claimed that a parent's failure to exercise proper supervision, notwithstanding lack of evidence of prior unrestrained conduct, renders liability to parents for acts of a minor which would have been averted through adequate supervision and that whether proper supervision had been employed was in such case a question of fact for the jury. Nevertheless, the court stated that there was no evidence that either boy had previously played with a football on public streets or conducted himself in a disorderly manner; and that in order to attribute to a parent responsibility for injuries resulting from his minor child's wrongful deed, parent's negligence in exercising parental restraint must have some specific relation to the act complained of, and that such was lacking in this case.
The parents were charged, in the case of Steinberg v. Cauchois, 249 App.Div. 518, *704 293 N.Y.S. 147, with negligence in permitting their minor child to operate a bicycle on the sidewalk in violation of a city ordinance, with the result that the infant plaintiff was struck and injured by the bicycle. Complaint further alleged that the adult defendants knowingly permitted their minor child to operate his bicycle on the sidewalk in a careless, negligent, and reckless manner after they had received notice of his conduct in thus operating his bicycle on prior occasions, failing to take any steps after such notice to prevent such conduct, and thus making it probable that the infant plaintiff's injuries would result. On appeal, the judgment against the parents was reversed, the court stating that the evidence was insufficient to charge the adult defendants with liability for damages resulting from the tort of their infant son, and that sufficient notice was not brought home to the parents that their son was accustomed to riding his bicycle on the sidewalk.
In Condel v. Savo, 350 Pa. 350, 39 A.2d 51, 52, 155 A.L.R. 81, the appellate court reversed a judgment for the defendant parents where it was alleged that plaintiffs' child was beaten and thrown down a steep embankment by defendants' minor child, that defendants' child had a vicious, malignant disposition and habit of assaulting and mistreating smaller children and that defendants knew of such habit and encouraged their son in such conduct by resenting any resistance or admonition by others. The court stated that at common law no liability is imposed on the parents for the torts of their child because of the mere parent and child relationship, but that the parents may be liable when their negligence renders possible the injury. Such injury, said the court, "must have been the natural and probable consequence of the parents' negligent act, that is a consequence which, under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such negligent act." The court stated in effect that mere knowledge by the parents of the child's mischievous and reckless disposition does not suffice to make the parents liable for the child's torts, but that such liability emanates from their failure to exercise due control over the child when they know or in the exercise of proper care should know that injury to another is a natural and probable consequence; that since such failure to restrain the child is tantamount to parents' sanction or consent, plaintiffs' averments in the statement of claim are sufficient to charge the parents with negligence based on their full knowledge and approval of the tortious acts of their minor son, and that they therefore may be answerable in damages for the injuries thereby incurred.
In the case of Norton v. Payne, 154 Wash. 241, 281 P. 991, 992, action was brought by infant, aged 5, by his guardian for injuries sustained when he was struck in the eyeball with a stick by defendants' child, aged 7, who had the habit of striking smaller children in the face with sticks. It was alleged that parents knew about and encouraged her habit of striking other children with sticks. The appellate court reversing the lower court's dismissal of the case said, "* * * we think parents should be held responsible and liable for a dangerous habit of a child of which they have knowledge and take no steps to correct, or restrain. It is that which constitutes the negligence on the part of the parent." It was pointed out by the court that, although the evidence in the case is that the father did not know that the child was committing this particular tort, the parents did nevertheless know that such child was in the habit of perpetrating this particular kind of tort and that the father encouraged her in so doing, the implication being that since he made no effort to restrain the child, he must therefore be deemed to have consented to its commission by her at any time.
The lower court's dismissal for failure to state a cause of action in the case of Martin v. Barrett, 120 Cal. App.2d 625, 261 P.2d 551, was affirmed by the appellate court. The question was on the sufficiency of a complaint which alleged that defendants' child, aged 12, was a careless, unreasonable, aggressive and reckless person; *705 that he was immature and lacked the judgment to be entrusted with an air rifle; that his parents negligently permitted him to use it by shooting it from his porch, injuring plaintiffs' child, aged 5, who was playing in the back yard. The court held that before a cause of action may be stated against the parents for the tort of a child there must be alleged a specific known course of conduct by the minor involving his habitual, intentional, and specific wrongful acts against others and the parents' failure to take proper precautions to guard them against such acts.
In the case of Ellis v. D'Angelo, 116 Cal. App.2d 310, 253 P.2d 675, 679, it is alleged that the parents, employing plaintiff for the first time as a baby sitter for their 4 year old son and knowing that their son habitually engaged in violently attacking and throwing himself forcibly and violently against other people, violently shoving and knocking them, nevertheless failed to warn the plaintiff of such habitual conduct on the part of their infant; and that shortly after plaintiff entered on her duties in the home, the son attacked and injured her. The appellate court reversed the lower court's dismissal of the complaint, holding that a cause of action had been stated, and said, "While it is the rule in California, as it is generally at the common law, that there is no vicarious liability on a parent for the torts of a child there is `another rule of law relating to the torts of minors which is somewhat in the nature of an exception, and that is that a parent may become liable for an injury caused by the child, where the parent's negligence made it possible for the child to cause the injury complained of, and probable that it would do so.' Buelke v. Levenstadt, 190 Cal. 684, 689, 214 P. 42, 44".
In the case of Ryley v. Lafferty, D.C., 45 F.2d 641, it was alleged in substance that the defendant's child had a vicious and malignant disposition and habit of inveigling smaller boys into secluded places and there beating, bruising, maiming, and punishing them; that defendant parents at time in question well knew of such vicious habit and disposition; that, notwithstanding such knowledge, they permitted continuance of their son's act; that defendant father encouraged his son in such conduct by resenting any resistance or admonition by others when such acts were committed, and failed to protect other children from such acts. The demurrer to the complaint was overruled. The court declared that parents are liable for the torts of the minor child if committed habitually with parents' knowledge and encouragement and without effort to restrain the child; and further that parents' encouragement of tort with knowledge of the child's peculiar habits and vicious disposition would constitute participation in tort and thereby negligence.
Emphasis, whenever used, is supplied.
One common factor from the foregoing cases appears salient in the assessment of liability to the parents, that the child had the habit of doing the particular type of wrongful act which resulted in the injury complained of. In the instant case, the cause of action sought to be established fails in that the negligence charged with relation to parental restraint is not claimed to flow from the commission of an act or course of conduct which the child habitually engaged in and which led to the appellant's injury. It is nowhere claimed that the child here involved had a propensity to swing or slam doors at the hazard of persons using such doors. The deed of a child, the enactment of which results in harm to another and which is unrelated to any previous act or acts of the child, cannot be laid at the door of the parents simply because the child happened to be born theirs. However, a wrongful act by an infant which climaxes a course of conduct involving similar acts may lead to the parents' accountability. A deed brought on by a totally unexpected reaction to a situation which is isolated of origin and provocation could not have been foretold or averted and hence could not render the parents responsible.
Therefore, from the allegations of the second amended complaint, it is not made to appear that the injury claimed to have *706 been sustained by the appellant was a natural and probable consequence of negligence on the part of the appellee parents.
The judgment of the court below is affirmed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.