180 So.2d 479 (1965)
Maude D. BULLOCK, Appellant,
v.
Mary J. ARMSTRONG and Maas Brothers, Inc., a Florida corporation, Appellees.
No. 5594.
District Court of Appeal of Florida. Second District.
December 3, 1965.
George F. Wilsey, St. Petersburg, for appellant.
Louis H. Stallman, Miami Beach, for appellee Mary J. Armstrong.
DOWNEY, JAMES C., Associate Judge.
This is an appeal from a Summary Judgment entered on behalf of the Defendant, Mary J. Armstrong, in a personal injury suit.
*480 The facts, gleaned from the depositions on file, reflect that Defendant, Mary J. Armstrong, entered Maas Brothers Department Store, accompanied by two of her minor children. One child, age 5, was ambulatory, and the other, age 2, was seated in a baby stroller. Mrs. Armstrong was interested in purchasing a pair of gloves, and as they reached the glove counter the 2-year-old began to cry. The mother instructed the five-year-old to push the stroller beside her. The store was crowded at the time. Apparently the Defendant then proceeded with her mission, oblivious to the whereabouts of the children for a period of almost five minutes. She first missed the children when she heard a baby crying some distance from where she was located. During this five-minute interim in which the children were unattended by Defendant, the store detective had stopped the children as the stroller was being pushed down the aisle too fast. The detective thought Defendant saw her admonishing the children. Just prior to the stroller striking the Plaintiff, the store detective was again trying to reach the children to stop them. However, before she could reach them, the five-year-old had pushed the stroller into Plaintiff from the rear, knocking her down and causing personal injuries.
In her complaint the Plaintiff charged Defendant with negligence in placing her child of tender years in the exclusive possession, operation and control of the stroller in a crowded department store without adequate supervision, and permitting the child to roam in the congested store beyond her sight or vision, under circumstances which she should have known would, or reasonably could, result in injury to persons on the premises.
The trial court granted Summary Judgment for Defendant, stating:
"There is no evidence to support a finding that the baby stroller herein constitutes a dangerous instrumentality and, further no evidence to support a finding that the defendant, MARY J. ARMSTRONG, had knowledge that the minor children herein had left her presence and were operating the stroller in a dangerous manner at the time of the incident complained of * * * the Court feeling that such matters are essential to recovery by the plaintiff."
It is well settled that a parent is not liable for the torts of his minor child simply because of his paternity. There are, however, certain broadly defined exceptions wherein a parent may incur liability:
1. Where he intrusts his child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others.
2. Where a child, in the commission of a tortious act, is occupying the relationship of a servant or agent of its parents.
3. Where the parent knows of his child's wrongdoing and consents to it, directs or sanctions it.
4. Where he fails to exercise parental control over his minor child, although he knows or in the exercise of due care should have known that injury to another is a probable consequence.
See Gissen v. Goodwill, Fla., 80 So.2d 701.
The first exception to the parent-child tort liability rule would appear to be based upon the direct negligence of the parent. As stated in Hulsey v. Hightower, 44 Ga. App. 455, 161 S.E. 664:
"If the act of a child is legally traceable to the negligence of its father, the latter may be held responsible for injury and damage occasioned thereby; but in such a case the cause of action is founded upon the negligence of the father, and not upon the negligence of the child plus the paternal relation."
*481 And, in Langford v. Shu, 258 N.C. 135, 128 S.E.2d 210, the Court pointed out:
"A parent is liable for the act of his child if the parent's conduct was such as to render his own negligence a proximate cause of the injury complained of. In such a case the parent's liability is based on the ordinary rules of negligence and not upon the relation of parent and child. 39 Am.Jur., Parent and Child, Sec. 55."
In this case we are not dealing with an instrumentality which is inherently dangerous, nor with a precocious child of known dangerous propensities nor with a principal agent relationship. Here we have a parent entrusting a child of tender years with a stroller, with instructions to push it in a crowded department store without supervision while she diverted her attention to other matters.
Appellee relies heavily upon the decision in Gissen v. Goodwill, supra, quoting statements therefrom which point out the necessity of the parent having knowledge of the child's habit of committing the type of act involved and the failure to take proper precautions to guard against such acts. However, the Gissen case is not controlling here since the essential factor of known previous propensities is not an essential factor under the first exception to the general rule. As expressly noted therein, that case dealt with a factual situation falling under the last or fourth exception.
The facts of this case as demonstrated by the record pose a jury question rather than one of law to be decided by the Court on motion for summary judgment. Thus, the Judgment appealed from is reversed, and the cause remanded for further proceedings.
ALLEN, C.J., and LILES, J., concur.