262 So.2d 689 (1972)
Julius SPECTOR et al., Appellants,
v.
Harold NEER et al., Appellees.
No. 71-1111.
District Court of Appeal of Florida, Third District.
May 23, 1972.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and L. Kenneth Barnett, Miami, for appellants.
S. Harold Skolnick, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
Julius Spector, Louis Spector and Elmore Spector, d/b/a Spector & Sons, as owners of lot and dwelling house, and South Store Corporation, as landlord, sued the defendants, Harold Neer and Rita Neer, parents of a minor child, Hurley Neer, along with the parents' insurance company, Lititz Mutual Insurance Company, alleging negligence against Harold Neer and Rita Neer for allowing their minor child to be entrusted with matches which resulted in damage by fire to a dwelling house in which the said parents were living. The trial court granted defendants' motion to dismiss the plaintiffs' amended complaint with leave to amend. Plaintiffs, however, failed to file a second amended complaint and stood on their original amended complaint. A final judgment of dismissal was entered against the plaintiffs.
*690 Appellants contend that the trial court committed error in dismissing the amended complaint because it did state a cause of action against the parents of the minor child; that the amended complaint contained allegations as to the parents' negligence was sufficiently pled and that there were issues for the jury to decide; that Spector & Sons did have a cause of action against the Neers as no privity was needed since Spector & Sons was a third-party beneficiary to the leasehold agreement between the South Store Corporation and Spector & Sons.
It is basic and established law that a parent is not liable for the torts of his minor child because of the mere fact of his paternity. However, under Gissen v. Goodwill, Fla. 1955, 80 So.2d 701, certain broadly defined exceptions exist under which a parent may incur liability. The pertinent exceptions under the instant case are: (1) Where parent entrusts his child with an instrumentality which, because of the lack of age, judgment or experience of the child, may become a source of danger to others. (2) Where parent fails to exercise parental control over his minor child, although he knows or in the exercise of due care should have known that injury to another is a probable consequence.
Although the above exceptions are viable, the plaintiffs' amended complaint does not sufficiently state a cause of action. The fact that Hurley had a habit of doing the particular type of wrongful act which resulted in the injuries is not alleged, nor does the amended complaint state that Hurley ever set fire to anything. A connection between the alleged failure of parental control and the resultant injuries is never made, and more particularly, the amended complaint never charges actionable negligence. It is clear, therefore, from a reading of the amended complaint that the parents do not fall within the exceptions of Gissen because the amended complaint is insufficient to state a cause of action under these rules.
Appellants' second contention that a cause of action or privity was shown between Spector & Sons and the Neers need not be decided because the above mentioned failure of the amended complaint to state a cause of action under the Gissen exceptions renders this point moot.
Affirmed.