274 So.2d 579 (1973)
SOUTHERN AMERICAN FIRE INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
Bertha M. MAXWELL et al., Appellees.
No. 72-568.
District Court of Appeal of Florida, Third District.
February 21, 1973.
Rehearing Denied April 4, 1973.
*580 John L. Hartnett, Miami, for appellant.
Oscar C. Edrington and Maurice J. Kutner, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant seeks review of an adverse final judgment in an action for personal injuries.
Elizabeth Presley, the 5 year old daughter of John and Norma Presley, while riding a 2 wheel bicycle without supervision on a sidewalk, struck from behind plaintiff-appellee, a 79 year old woman, who was walking on the sidewalk. The salient facts are as follows: Sometime previous to the accident, the girl's parents acquired for their daughter a small 2 wheel bicycle upon which they placed training wheels. For approximately one month under the supervision of her parents, the child rode the bicycle with training wheels. Then she received from her grandfather a larger 2 wheel bicycle. The training wheels were transferred from the smaller bicycle to the new larger one. One week later Mr. Presley removed the training wheels and five or six days thereafter his daughter collided with the appellee, Mrs. Maxwell. A negligence action against Mr. and Mrs. Presley, their daughter and their insurance company, Southern American, followed. Judgment was rendered in favor of appellee after a jury trial. The lower court denied all of defendant-appellant's motions for directed verdict, judgment nonobstante veredicto, and a new trial. This appeal ensued.
Appellant, Southern American Fire Insurance Company, contends that the lower court erred, as a matter of law, in denying the motions of appellant and in entering its final judgment based on a failure of the plaintiffs-appellees to show the negligence and lack of reasonable care on the part of the parents.
It is well established law that a parent is not liable for the tort of his minor child because of the mere fact of his paternity. 39 Am.Jur. Parent and Child § 55 (1942); 67 C.J.S. Parent and Child § 66 (1950). Nevertheless, there are certain broadly defined exceptions wherein a parent may incur liability: (1) Where he intrusts his child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others; (2) where a child, in the commission of a tortious act, is occupying the relationship of a servant or agent of his parents; (3) where the parent knows of his child's wrongdoing and consents to it, directs, or sanctions it; (4) where he fails to exercise his parental control over his minor child, although he knows or in the exercise of due care should have known that injury to another is a probable consequence. Gissen v. Goodwill, Fla. 1955, 80 So.2d 701; Bullock v. Armstrong, Fla.App. 1965, 180 So.2d 479; *581 Seabrook v. Taylor, Fla.App. 1967, 199 So.2d 315; Spector v. Neer, Fla.App. 1972, 262 So.2d 689.
The first category exception is the one upon which appellees rely to attach legal culpability to the parents of the child here concerned. This exception to the parent-child tort rule would appear to be based on the direct negligence of the parent. See Bullock, supra. In the case sub judice, we are not dealing with an inherently dangerous instrumentality, with a principal agent relationship, or with a child of known dangerous propensities. Here we have a 5 year old girl who for one month used a small bicycle with training wheels. Subsequently, one week after the receipt of a larger bicycle, she was permitted to ride it without the training wheels and out of the sight and supervision of her parents.
In these cases the question of liability is to be determined on the broad basis of whether or not the parent has been guilty of negligence, that is, a failure to exercise due care in the circumstances. Seabrook, supra. The facts of this case as demonstrated by the record pose a jury question rather than one of law to be decided by the court.
We hold the trial judge was correct in submitting this case to the jury to conclude whether or not John and Norma Presley failed to exercise their parental duty to ascertain if the child was competent to control the bicycle without supervision. If there is a basis in reason for a jury's conclusion on questions of fact, the appellate court will not disturb the verdict. Lyons v. Grappo, Fla.App. 1959, 112 So.2d 46; Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941).
For the reasons stated above, the judgment appealed must be and hereby is affirmed.
Affirmed.