OTT, Judge.
This action arose in part out of a previous lawsuit between these parties, wherein appellants were granted an easement of necessity over a strip of appellees’ land, the two being next-door neighbors. Appellees brought the present action for damages resulting from the misuse and abuse of the right-of-way privilege, and for an order terminating the easement. The judgment of the trial court ordered appellants to pay $2,500.00 in damages to appellees, but refused to terminate the easement. Both parties have appealed. We vacate the award of damages and affirm the balance of the judgment.
The record reveals that soon after the earlier litigation was concluded appellants were called to Canada to care for Mr. Thi-beault’s terminally ill parents. In their absence, they permitted their adult son and his wife to reside in their home. The conduct of the younger Thibeaults was over-exuberant at best and simply outrageous at worst, and was particularly abusive toward appellees.
When news of such conduct eventually and indirectly reached the elder Thibeaults in Canada, Mr. Thibeault immediately came home and “cleaned house”, laying down stringent ground rules for the young people. In addition, Mr. Thibeault empowered another neighbor, Mr. Little, to evict the young people if there was any problem behavior or any complaints. As soon as Mr. Thibeault had returned to his tragic vigil in Canada, the appellees asserted that the offensive activities of the son, his wife and guests resumed at an even more frenzied pace. Appellees admit they never reported these activities either to the appellants or Mr. Little prior to the institution of this action. Mr. Little testified that after Mr. Thibeault straightened the young people out he thereafter never saw or heard of any problem behavior or activities.
Upon the commencement of this action, appellants immediately came home and evicted the younger Thibeaults, who had not been joined as parties to the litigation.
We are of the opinion that when appel-lees elected not to pursue their grievances against the actual tortfeasors, they assumed the burden of establishing that appellants were somehow vicariously responsible for the torts of their son. In no event could that burden be discharged by merely showing the parent-child relationship, and particularly not where, as here, the son was an adult. Thorne v. Ramirez, 346 So.2d 121 (Fla.3d DCA 1977); Bullock v. Armstrong, 180 So.2d 479 (Fla.2d DCA 1965). Yet the record reveals no other basis for holding appellants liable for the misconduct of their son and his wife. Of a certainty, the naked fact that appellants own the premises in question would not render them liable, even if the activities thereon were deemed a nuisance. See, generally, 23 Fla.Jur. 508 et seq. §§ 21-23.
Accordingly, the portion of the final judgment awarding appellees a money judgment and costs against appellants is vacated and set aside. In all other respects the judgment is affirmed.
*226 DANAHY, J., concurs.
GRIMES, Acting C. J., dissents with opinion.