475 So.2d 225 (1985)
Robert E. SNOW, et al., Petitioners,
v.
Chris NELSON, et al., Respondents.
No. 65391.
Supreme Court of Florida.
August 30, 1985.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Huggett & Martucci, Miami, for petitioners.
*226 Victor Lance of Gilmour, Morgan & Rosenblatt, Miami, for respondents.
PER CURIAM.
This cause is before us on a certification by the district court of appeal that the case passes upon a question of great public importance and warrants a reexamination of the principles announced in Gissen v. Goodwill, 80 So.2d 701 (Fla. 1955). Snow v. Nelson, 450 So.2d 269 (Fla. 3d DCA 1984). We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
The case involves the question of parental responsibility for injuries inflicted by a minor child. The facts are fully set forth in the opinion below. For our purposes, it is enough to say that an older, larger child seriously injured a younger, smaller child while involved in play. The parents of the injured child brought a tort suit based on vicarious liability and direct negligence of the parents, alleging that the tortfeasor child had a known propensity to be rough with smaller children by pushing or hitting them and that his parents were aware of this propensity. At the close of the evidence, the trial court reserved its ruling on the defendants' motion for a directed verdict until after the jury had retired and then granted the motion. The jury found the defendant parents seventy-five per cent at fault with total damages of $135,000.
We addressed the same issue of parental responsibility in a factual setting remarkably similar to the present case in Gissen. It was alleged in Gissen that the parents negligently failed to restrain a child who they knew had dangerous tendencies and propensities of a mischievous and wanton nature. The specific alleged tortious act was that the child willfully, deliberately, intentionally and maliciously closed a door with such force and violence as to sever a finger on the victim's hand. We first recognized the "basic and established law that a parent is not liable for the tort of a minor child because of the mere fact of paternity." Gissen at 703. Nevertheless, we also recognized four broadly defined exceptions wherein a parent may incur liability: (1) where the parent entrusts the child with an instrumentality which, because of the child's lack of age, judgment, or experience, may become a source of danger to others; (2) where the child committing the tort is acting as the servant or agent of its parents; (3) where the parent consents, directs, or sanctions the wrongdoing; and (4) where the parent fails to exercise control over the minor child although the parent knows or with due care should know that injury to another is possible. The exception at issue here, as in Gissen, is number four. In Gissen we read the exception narrowly, holding that the cause of action must allege that the child had a habit of engaging in a particular act or course of conduct which led to the plaintiff's injury. Consequently, because there was no allegation that the child in Gissen had a habit of swinging or slamming doors to the hazard of persons using such doors, we affirmed the dismissal of the complaint. Here, also, there is no allegation that the child had previously engaged in the particular act, swinging a croquet mallet, which caused the injury. Appellants urge that this narrow application works an injustice and should be receded from. We disagree and see no reason to recede from Gissen. We hold that Gissen will continue to be the rule in determining whether parents are legally responsible for injuries inflicted by their minor children upon third parties.
Accordingly, we approve the result reached by the district court affirming the trial court's order directing a verdict for the defendants.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which SHAW, J., concurs.
EHRLICH, Justice, specially concurring.
I am in complete agreement with the majority decision in this case, and I agree that the four exceptions in Gissen control. I write separately to express my discomfort *227 with Gissen's excessively narrow construction of the fourth exception: the parent's failure to exercise control over a minor child where the parent has actual or constructive knowledge of the child's propensity for causing injury. In Gissen, the uncontroverted facts were that the child made a practice of committing painful and injurious intentional torts on employees of the hotel for which the victim worked. This Court held, however, that because she had never committed that precise tortious act before, the parents were not liable. I would hope that, were Gissen before us today, we would construe that exception to the general rule of parental non-liability to encompass Gissen's facts. Where parents have actual or constructive notice of their offspring's propensity to commit a general class of malicious acts, the child's creativity in developing new ways to bring about injury should not absolve parents from the duty to attend to and discipline the child. Breach of that duty should give rise to liability.
The case here before us differs from Gissen in that the boys were playing together at the time of the injury. The nature of children's play is such that injuries do occur, but we cannot read Gissen so broadly to require parents to deny children normal  albeit rough and potentially dangerous  play.
SHAW, J., concurs.