PER CURIAM.
Today we review a case not new to this court. For the reasons which follow, we again reverse a summary judgment and remand the case for further proceedings.
The Whitchurches are husband and wife, who together cared for the Grants’ minor child. The Grants sued the Whitchurches for negligence and negligent infliction of emotional distress, alleging specifically that the Whitchurches had allowed their teenage son to care for the Grants’ child, and that their child was sexually abused by the Whitchurches’ older son. Their negligence count rested on paragraph 5, which consisted of subdivisions (a) to (d). The trial court dismissed (a) through (c) and granted summary judgment in favor of the Whitchurches as to (d).
In the first appeal, we reversed that summary judgment upon a holding that the trial court had erred in striking (c). Grant v. Whitchurch, 600 So.2d 512 (Fla. 4th DCA 1992). That subparagraph alleged that the Whitchurches failed to:
exercise reasonable care with respect to KRISTY GRANT under all circumstances when she was in the care, custody and control of CHARLES WHIT-CHURCH, SR., and DALE WHIT-CHURCH.
In reversing to' reinstate the claim embodied in paragraph 5(c) of the complaint, we tacitly affirmed the trial court’s summary judgment as to the claim embodied in paragraph 5(d). It alleged that the Whit-churches had failed to protect the Grants’ *18 child from their son’s “known propensities for sexual abuse of small children.” In support of that motion, the Whitchurches had submitted affidavits to the effect that they had no prior knowledge of their son’s alleged propensities. On remand the Whit-churches relied upon the same affidavits in support of the summary judgment now appealed.
The Whitchurches rely upon Gissen v. Goodwill, 80 So.2d 701 (Fla.1955), for the proposition that the Grants must show that parents either knew or should have known of their child’s propensity to commit the act complained of. That opinion, however, also recognizes four exceptions. The exception critical to this case provides that the rule in Gissen does not apply when the child is in the position of a servant or agent of his parents. Gissen, 80 So.2d at 703; see also, Snow v. Nelson, 475 So.2d 225 (Fla.1985).
The affidavit filed by the Grants in opposition to this summary judgment states that the Whitchurches’ son was acting as just such an agent or servant of his parents when he abused the Grants’ daughter. By virtue of this affidavit, the Grants have demonstrated the existence of a material fact precluding summary judgment in favor of the Whitchurches. We therefore reverse to allow the Grants to present evidence in support of their claim to a jury.
REVERSED.
HERSEY, WARNER and FARMER, JJ., concur.