PER CURIAM.
Barbara Gilbert appeals an order dismissing, with prejudice, her third amended complaint for failing to state a cause of action. “[T]he ruling on a motion to dismiss for failure to state a cause of action is subject to de novo standard of review.” See MEBA Med. & Benefits Plan v. Lago, 867 So.2d 1184 (Fla. 4th DCA 2004); Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 495 (Fla. 4th DCA 2001).
Gilbert alleged in her complaint that she was injured when a two-year-old child drove an “electric motorized passenger vehicle” into her leg while she was standing on the sidewalk. The child is the grandson of James and Janice Merritt and the son of Steven Merritt.[1] The child’s nine-year-old sister was alleged to have been in the vehicle at the time of the incident.
*336 In Florida, the long-standing rule is that “a parent is not liable for the tort of his minor child because of the mere fact of paternity.” Seabrook v. Taylor, 199 So.2d 315, 317 (Fla. 4th DCA 1967) (citing Gissen v. Goodwill, 80 So.2d 701 (Fla. 1955)). There are four recognized exceptions to this rule. The only one pertinent to this case is the first exception that allows for parental liability where the parent entrusts the “child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others.” Id. (citing Gissen, supra).
In her complaint, Gilbert alleged the defendants allowed the two-year-old child to operate an “electric motorized passenger vehicle” which was “beyond his mental capacity to safely operate.” Gilbert also alleged the child’s youthful age and lack of judgment, as it related to this vehicle, caused the child to “become [a] source of danger to others.” Finally, the complaint states the allegation that the child “was mentally and/or physically incapable of safely operating an electric motorized vehicle.”
In moving to dismiss, the defendants claimed these allegations, and the entire complaint, failed to allege sufficient ultimate facts to invoke the first exception to the parental immunity doctrine; thus, the complaint failed to state a cause of action. We disagree. As we stated in Brown v. Gardens by the Sea South Condominium Ass’n, 424 So.2d 181, 183 (Fla. 4th DCA 1983), “Florida uses what is commonly considered as a notice pleading concept and it is a fundamental rule that the claims and ultimate facts supporting same must be alleged. The reason for the rule is to appraise the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient.” Id. (citing 25 Fla. Jur. Pleadings § 3, 8, and 42). In the instant case, we believe the complaint sufficiently alleges the necessary ultimate facts to state a cause of action sounding in negligence and invoking the first exception to the parental immunity doctrine. Therefore, we reverse the order dismissing Gilbert’s third amended complaint and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

GUNTHER, POLEN and HAZOURI, JJ., concur.

. James and Janice Merritt were alleged to have been acting in loco parentis at the time of the incident, as they were alleged to have been "caring for the minor children” of their son, Steven Merritt. “Whether the parental relationship has been assumed is normally a question of fact suitable for resolution at trial." Nova Univ., Inc. v. Wagner, 491 So.2d 1116, 1118 n. 2 (Fla. 1986) (citing 59 Am. Jur.2d, Parent and Child § 88 (1971)). Additionally, "[t]here is no difference, so far as common-law tort liability is concerned, between one in loco parentis and a natural parent.” Wyatt v. McMullen, 350 So.2d 1115, 1116 (Fla. 1st DCA 1977).