GERBER, J.
 

 Thirteen-year-old Sara Hennarichs was driving a four-wheel all-terrain vehicle (“ATV”) when she lost control, ran into a tree, and died soon thereafter. Sara’s estate brought a negligence action against Roger and Karen Fina, who owned the ATV, and their son Nicolas, who let Sara drive it. The estate prevailed at trial. The Finas have appealed the trial court’s denial of various motions, contending that the estate could not recover against them for negligence either legally or factually. We affirm.
 

 The Finas bought the ATV when Nicolas was eleven or twelve years old. They had seen other kids Nicolas’s age riding their own ATVs, so they decided to buy Nicolas an ATV to ride on their 9½ acre property. Roger initially shopped at a dealership, where he saw an ATV containing a label entitled “WARNING” in large, bold print with an exclamation point. Under that appeared a large red circle in which a red slash crossed through the large bold-printed words “UNDER 16,” The label then stated, “Operating this ATV if you are under the age of 16 increases your chance of severe injury or death. NEVER operate this ATV if you are under the age of 16.” According to Roger, he asked the salesperson if it was the law that no one under sixteen could ride an ATV, and the salesperson responded that the labels were there to protect the manufacturer from liability. Without further investigating the warning, the Finas ultimately purchased two ATVs from a private individual. The ATVs carried the same warning label. Nicolas also saw the warning label, but he did not think it was important.
 

 
 *1083
 
 The ATVs also came with a manual which stated on its cover “WARNING” in large, bold print with an exclamation point, followed by “This ATV should not be ridden by anyone under 16 years of age.” Pages of the manual also showed a label stating, “WARNING” in large, bold print with an exclamation point, followed by “NEVER ride as a passenger. Passengers can cause a loss of control, resulting in SEVERE INJURY or DEATH.” Although Roger acknowledged being given the manual when he purchased the ATV, he testified he could not remember going through the manual with Nicolas. Karen testified that she went over the manual with Nicolas, but she could not remember whether she discussed the warnings with him.
 

 Contrary to the warnings, Roger trained Nicolas to operate the ATV by having Nicolas ride as a passenger with him, and by riding as a passenger himself when Nicolas was driving. When the Finas were satisfied that Nicolas was a safe driver, they allowed him to ride the ATV unsupervised. Roger initially testified that the only rules which he required Nicolas to follow were wearing a helmet and obtaining his parents’ permission if he was going to leave their property. Roger later testi-fíéd that he also prohibited Nicolas from letting friends ride the ATV without their parents’ permission. On that point, however, his testimony was inconsistent.
 

 A year and a half later, when Nicolas was thirteen, he and his friend Matt Im-bres began spending time with Sara Hen-narichs and Alexa Majdalawi, all of whom were the same age as Nicolas. One day, Nicolas let Sara and Alexa drive his ATV around the neighborhood even though they did not have any training. Sara drove the ATV without incident.
 

 A week later, Nicolas and Matt rode on Nicolas’s ATV to Alexa’s house, where Sara was spending the day. Alexa’s mother had been there earlier, but left to go shopping, leaving Alexa and Sara unsupervised. After the boys arrived, Matt asked Nicolas for the keys so he could ride the ATV. Sara then asked if she could drive the ATV. Nicolas gave his helmet to Sara, who began driving the ATV with Matt riding as a passenger.
 

 Within a few minutes, Sara was approaching a curve when she lost control of the ATV and drove into a tree. She was ejected from the ATV and hit the tree helmet first. Later that day, Sara died from her injuries.
 

 Sara’s father, as personal representative of Sara’s estate, sued the Finas under multiple negligence theories. At trial, the estate narrowed its claim to three theories against Roger and Karen and one against Nicolas. As the trial court instructed the jury, the issues on the claim against Roger and Karen were whether they negligently entrusted the ATV to Nicolas, negligently trained Nicolas in the proper use of the ATV, or negligently supervised Nicolas. The issue on the claim against Nicolas was whether he negligently entrusted the ATV to Sara.
 

 The Finas attempted to include on the verdict form three other allegedly negligent persons: Sara, Sara’s mother, and Alexa’s mother. The Finas’ theory against Sara’s mother and Alexa’s mother was that each of them was negligent in supervising Sara. However, the trial court granted the estate’s motion for directed verdict to exclude Sara’s mother from the verdict form on the basis that no evidence existed to show Sara’s mother was negligent in supervising Sara. Thus, besides the Fi-nas, only Aexa’s mother and Sara appeared on the verdict form.
 

 The jury found for the estate, apportioning the negligence as follows: Roger 85%, Karen 35%, Nicolas 10%, Sara 5%, and Alexa’s mother 15%. The jury determined the estate’s total damages were $4.5 mil
 
 *1084
 
 lion. The trial court entered a final judgment consistent with the jury’s verdict. The Finas have appealed, raising numerous arguments.
 

 We choose to address only the argument that the trial court allegedly erred in denying the Finas’ motion to dismiss, motion for summary judgment, and motions for directed verdict. In all of these motions, the Finas contended that the estate could not recover against them for negligence either legally or factually. Our review is
 
 de novo. See Goodall v. Whispering Woods Ctr., L.L.C.,
 
 990 So.2d 695, 697 (Fla. 4th DCA 2008) (“Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is renewable on appeal by the
 
 de novo
 
 standard of review.”) (citation omitted);
 
 Stone v. Palms
 
 W.
 
 Hosp.,
 
 941 So.2d 514, 519 (Fla. 4th DCA 2006) (“The standard of review applicable to trial court rulings on motions for summary judgment is
 
 de novo.”); Premier Lab Supply, Inc. v. Chemplex Indus., Inc.,
 
 10 So.3d 202, 205 (Fla. 4th DCA 2009) (“The standard of review on appeal of the trial court’s ruling on a motion for directed verdict is
 
 de novo
 
 ....”).
 

 The Finas initially claim that Roger and Karen could not have been liable for negligently entrusting the ATV to Nicolas. They concede that “a parent may incur liability ... [wjhere he entrusts his child with an instrumentality which, because of the lack of age, judgment, or experience of the child, may become a source of danger to others.”
 
 Gissen v. Goodwill,
 
 80 So.2d 701, 703 (Fla.1955). However, the Finas argue that rule does not apply here for four reasons. We address each argument in turn.
 

 First, the Finas contend Nicolas’s “lack of age” is insignificant because Florida law does not prohibit children from operating ATVs.
 
 [1]
 
 We disagree. The fact that Florida law does not prohibit children from operating ATVs does not render a child’s lack of age irrelevant in determining whether a parent has negligently entrusted an ATV to his or her child. If a child’s lack of age deprives him of the maturity to act responsibly with an ATV, then the child’s parent may be liable for entrusting an ATV to that child.
 

 Second, the Finas claim that the rule is inapplicable because Nicolas was not operating the ATV when the accident occurred. However, that fact is irrelevant.
 
 Gissen
 
 does not require the child to be operating the instrumentality which the parent has entrusted to him for the parent to be liable. Rather,
 
 Gissen
 
 holds that, upon entrustment, liability merely depends upon whether the instrumentality may become a source of danger to others.
 

 Third, the Finas argue the estate presented no evidence showing Nicolas was incompetent to have been entrusted with an ATV because of his lack of age, judgment, or experience. We disagree. The estate presented evidence that Nicolas was incompetent to have an ATV because of his lack of age. The ATV came with a warning label and manual stating in various forms that no one under sixteen should ride or operate the ATV. Although the Finas’ disregard of the warning label and manual does not make them strictly liable, the fact that they disregarded the warning label and manual potentially makes them liable for the foreseeable consequences of that choice.
 

 
 *1085
 
 Fourth, the Finas contend the estate presented no evidence establishing that they knew or should have known that Nicolas might let another child like Sara ride the ATV. We disagree. The estate presented evidence that Roger and Karen set an example of disregarding the warnings which came with the ATV. Under those circumstances, it should have come as no surprise to them that Nicolas would have disregarded their rules too. Moreover, the jury’s common sense might have led to the conclusion the Finas should have known that a thirteen-year-old boy may let his friends ride his ATV despite his parents’ instructions otherwise.
 
 See
 
 Fla. Std. Jury Instr. (Civ.) 2.1 (“You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case.”).
 

 The Finas next argue that Nicolas could not have been liable for negligently entrusting the ATV to Sara because, under the dangerous instrumentality doctrine, a bailee has no cause of action against a bailor for the bailee’s own negligence. In support of that proposition, the Finas rely on
 
 Woodson v. Ivey,
 
 917 So.2d 993 (Fla. 5th DCA 2005), and cases cited therein. We find the dangerous instrumentality doctrine inapplicable because the estate’s action against Nicolas was not based upon Sara’s negligence as bailee, but upon
 
 Nicolas’s
 
 negligence as bailor in entrusting the ATV to Sara. We recognize, as other courts have, the plain language of section 390 of the Restatement (Second) of Torts (1965) setting forth the law of negligent entrustment:
 

 One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
 

 See also Kitchen v. K-Mart Corp.,
 
 697 So.2d 1200, 1202 (Fla.1997) (law of negligent entrustment as set out in section 390 is a recognized civil cause of action in nearly every state).
 

 In sum, the estate presented sufficient evidence to prove that the Finas failed to exercise reasonable care by entrusting the ATV to Nicolas, that Nicolas failed to exercise reasonable care by entrusting the ATV to Sara, and that this tragedy was foreseeable. Applying that evidence, the jury reached a verdict for the estate. We find no legal reason to disturb that verdict. On all grounds the Finas raised in their appeal, we affirm.
 

 Affirmed.
 

 DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 316.2074(1), Fla. Slat. (2003) (“It is the intent of the Legislature through the adoption of this section to provide safety protection for minors while operating an all-terrain vehicle in this state.”); § 316.2074(3), Fla. Stat. (2003) (“No person under 16 years of age shall operate, ride, or be otherwise propelled on an all-terrain vehicle unless the person wears a safety helmet ... and eye protection.”).