WARNER, J.
The parents of a minor, who was sexually abused by another child in an after-school program, appeal a summary judgment entered in favor of Kids in Distress, a provider of social services to abused and neglected children. The judgment determines that Kids in Distress (“KID”) had no duty to disclose the perpetrator’s history of engaging in sexual abuse, because section 39.202, Florida Statutes (2004),[1] prohibits the dissemination of this information to the afterschool program, run by the City of Wilton Manors. In addition, the trial court rejected the claim that KID should have notified the abuser’s foster parent, who would have told the program of the child’s tendencies, because such a claim was not pled. We hold that while KID could not disseminate the child’s history to the afterschool program, it could have disclosed the information to the school administration itself. Because the principal testified that she would have notified the afterschool program of the need to closely supervise the child, disputed issues of material fact remain. However, as to the foster parent, we agree with the trial court that an action based upon failure to notify the foster parent was not pled.
In their complaint, the parents of M.S., a five-year-old child, alleged that he was sexually assaulted by S.T., another student of the same age, while the two were in a restroom at Wilton Manors Elementary School and attending an afterschool program called “BASH.” The City of Wilton Manors, not the school, operates and runs the BASH program. However, the school and the program work closely together, as they serve the same children. KID is a child placement agency under contract with ChildNet to provide services for sexually abused children. The Department of Children and Families contracts with ChildNet to provide social services to dependent children. S.T. had been placed with a foster parent, Ms. Harding, through KID. The complaint alleged that KID placed S.T. in BASH without providing information to BASH regarding S.T.’s background, which included prior incidents involving deviant sexual behavior. KID knew that S.T. needed to be closely monitored so that he would not harm other children, but failed to inform BASH of S.T.’s issues. KID failed to give this information to any of S.T.’s caregivers. Had it disclosed S.T.’s background, supervisory precautions would have been taken so that S.T. would not have been allowed to follow M.S. into the bathroom alone. Because of KID’s failure to give this information, S.T. was left alone with M.S. when the abuse took place.
KID answered the complaint and denied the allegations. Discovery revealed that S.T.’s foster mother, and not KID, enrolled S.T. in BASH. However, KID had enrolled the child in the elementary school and did not tell the principal of S.T.’s issues. The principal testified by way of deposition that had she known of S.T.’s issues she would have required one-on-one supervision of S.T. at all times and would also have alerted BASH of the necessity to keep close supervision of S.T. A KID man *435 ager told her after the incident that he should have informed the school about S.T.’s issues.
The foster parent testified that KID did not tell her of S.T.’s prior incidents, and had she been informed, she would have alerted BASH. On the second day after she received S.T. in foster care, S.T. had a sexual incident with the foster parent’s roommate, which she reported to KID. Another sexually charged incident occurred shortly before the incident with M.S., and the foster parent also reported this incident to KID.
KID moved for summary judgment on the basis that KID was statutorily prohibited from disclosing information regarding S.T.’s history to BASH, because BASH was not within the class of persons and entities permitted to receive such information pursuant to section 39.202, Florida Statutes. Moreover, the complaint did not define “caregivers” to whom KID failed to give S.T.’s background information. In response, M.S.’s parents claimed that KID had not divulged the full extent of S.T.’s prior deviant behavior to his foster parent or to the school.
The trial court entered summary judgment for KID, concluding that KID was not authorized to furnish information on S.T.’s prior history to BASH. The court further ruled that failure to notify the foster parent of S.T.’s sexual abuse history was not pled in the complaint and that KID had no duty to notify her, as she was not the foster parent of S.T. (This fact, of course, is contrary to the evidence presented.) From this order, the parents of M.S. appeal. We review a summary judgment de novo. See Fina v. Hennarichs, 19 So.3d 1081, 1084 (Fla. 4th DCA 2009).
Section 39.202 provides for the confidentiality of reports and records maintained by the DCF of cases of child abuse and neglect. It prohibits the dissemination of those reports and records except to certain classes of persons and entities:
(1) In order to protect the rights of the child and the child’s parents or other persons responsible for the child’s welfare, all records held by the department concerning reports of child ... abuse ... shall be confidential and ... shall not be disclosed except as specifically authorized by this chapter....
(2) Except as provided in subsection (4), access to such records, excluding the name of the reporter which shall be released only as provided in subsection (5), shall be granted only to the following persons, officials, and agencies:
(a) Employees, authorized agents, or contract providers of the department, the Department of Health, or county agencies responsible for carrying out:
1. Child or adult protective investigations;
2. Ongoing child or adult protective services;
3. Healthy Start services; or
4. Licensure or approval of adoptive homes, foster homes, or child care facilities, or family day care homes or informal child care providers who receive subsidized child care funding, or other homes used to provide for the care and welfare of children.
5. Services for victims of domestic violence when provided by certified domestic violence centers working at the department’s request as case consultants or with shared clients.
[[Image here]]
(d) The parent or legal custodian of any child who is alleged to have been abused
[[Image here]]
[[Image here]]
(p) The principal of a public school, private school, or charter school where the child is a student. Information con *436 tained in the records which the principal determines are necessary for a school employee to effectively provide a student with educational services may be released to that employee.
§ 39.202, Fla. Stat. (2004) (Emphasis added). A general provider of child care is not included in the list of authorized persons who may receive such access.
The statute is clear and unambiguous on its face. KID, being a contract provider for the Department of Children and Families, although authorized to receive the reports and records of DCF regarding abuse to S.T., was not authorized to disclose the information to BASH, a childcare provider. If it had done so, it would have committed a misdemeanor. See § 39.205(3), Fla. Stat. (2004).
No provision of the statute allows a child caretaker to receive these records. While it may seem to us that BASH had need of that information to secure the safety of the other children in the program, the Legislature did not include child caretakers in the list of authorized receivers of the abuse information.
Nevertheless, KID could have disseminated these reports and the information contained therein to the principal of the elementary school pursuant to section 39.202(2)(p). In her deposition, the principal testified that had she known of S.T.’s issues, she would have required someone to be present with S.T. at all times, and she would have informed BASH. Although the statute permits the principal to share the information contained in the records only with a “school employee,” and BASH was not a school-run program, the statute would not preclude the principal from informing BASH that S.T. would require additional supervision, without revealing the information contained in abuse records of DCF. The statute requires only that the records of child abuse reports made to DCF be kept confidential. Telling BASH to provide additional supervision for S.T. would not violate the statute.
The parents also claim that the trial court erred in failing to allow the amendment of the complaint to allege in more detail a cause of action against KID for failure to inform the foster parent of S.T.’s issues, which would have led the foster parent to report them to BASH. They rely on section 39.202(2)(s), Florida Statutes, which authorizes the dissemination of the Department’s abuse reports to foster parents. That section, however, was not enacted until 2008 and would not apply to this incident, which occurred in 2004. For that reason, we conclude that the trial court did not err in granting summary judgment as to any claim against KID for failure to inform S.T.’s foster parent of S.T.’s history, because no cause of action for failure to inform the foster parent was specifically pled nor has it been shown that the complaint could be amended to state a cause of action. Cf. Hervey v. Alfonso, 650 So.2d 644, 647 (Fla. 2d DCA 1995).
We conclude that the court erred in determining that KID was entitled to judgment as a matter of law. Although KID could not disclose DCF reports of abuse directly to BASH, the child caretak-ing program, section 39.202(2)(p) permitted it to inform the school of S.T.’s history. Whether the failure to inform constituted a proximate cause of the abuse suffered by M.S. was not determined by the court, and it remains a disputed issue of fact.
For these reasons, we reverse and remand for further proceedings consistent with this opinion.
POLEN and LEVINE, JJ., concur.

. We find 2004 to be the applicable year of the statute, as it was the statute in effect at the time of the alleged sexual assault.