ON APPELLEE’S MOTION FOR CLARIFICATION AND REHEARING

PER CURIAM.
We grant appellee’s motion for clarification and deny appellee’s motion for rehearing. We withdraw our opinion issued October 3, 2012, and substitute the following opinion in its place.
Progress Energy and its related subsidiaries (collectively “Progress Energy”) appeal a final judgment for damages in U.S. Global’s favor. Progress Energy primarily argues that the trial court erred in denying its motions for summary judgment and directed verdict on U.S. Global’s claim for benefit-of-the-bargain damages under an asset purchase agreement. We agree and reverse as to that portion of damages included in the final judgment. We affirm the remaining portion of damages included in the final judgment without further discussion.
The asset purchase agreement contained the following general limitation-on-damages provision:
7.10 General Limitation of Damages. In no event shall any party be liable to any other party under any provision of this Agreement for any lost profits, lost sales, business interruption, lost business opportunities, lost Tax Credits, lost Tonnage Fees or consequential, incidental, punitive or exemplary damages incurred or suffered by a party; provided, however, that this limitation shall not limit a party’s right to indemnification pursuant to Sections 7.1, 7.2 or 7.3 hereof for losses or damages incurred by a party to third parties claiming such damages.
The asset purchase agreement also provided that New York law applied to its interpretation.
In its motions for summary judgment and directed verdict, Progress Energy argued that the general limitation-on-damages provision in the asset purchase agreement precluded U.S. Global from seeking benefit-of-the bargain damages under that agreement, and limited U.S. Global’s sole remedy to specific performance under that agreement. The trial court disagreed. The trial court construed the general limitation-on-damages provision in the asset purchase agreement as precluding U.S. Global from seeking only consequential *770 damages under that agreement, but not benefit-of-the-bargain damages under that agreement.
After U.S. Global obtained a final judgment for benefit-of-the-bargain damages under the asset purchase agreement, this appeal followed. Our review is de novo. See Fina v. Hennarichs, 19 So.3d 1081, 1084 (Fla. 4th DCA 2009) (review of a trial court’s rulings on motions for summary judgment and directed verdict is de novo).
Our de novo review revolves around the application of New York law to interpret the asset purchase agreement. Applying New York law, we conclude that the trial court erred in interpreting the asset purchase agreement and denying the motions for summary judgment and directed verdict as to that agreement.
Under New York law (like Florida law), “when parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms.” Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.S.2d 470, 475, 775 N.Y.S.2d 765, 807 N.E.2d 876 (2004) (citations and quotations omitted). “Hence, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.” Id. (citation and quotations omitted).
Here, the asset purchase agreement contained the following unambiguous general limitation-on-damages provision:
7.10 General Limitation of Damages. In no event shall any party be liable to any other party under any provision of this Agreement for any lost profits, lost sales, business interruption, lost business opportunities, lost Tax Credits, lost Tonnage Fees or consequential, incidental, punitive or exemplary damages incurred or suffered by a party; provided, however, that this limitation shall not limit a party’s right to indemnification pursuant to Sections 7.1, 7.2 or 7.3 hereof for losses or damages incurred by a party to third parties claiming such damages.
Such general limitation-on-damages provisions are enforceable under New York law. As New York’s highest court has observed:
A limitation on liability provision in a contract represents the parties’ Agreement on the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed, which the courts should honor. Thus, Professor Corbin states:
“[W]ith certain exceptions, the courts see no harm in express agreements limiting the damages to be recovered for breach of contract. Public policy may forbid the enforcement of penalties against a defendant; but it does not forbid the enforcement of a limitation in his favor. Parties sometimes make agreements and expressly provide that they shall not be enforceable at all, by any remedy legal or equitable. They may later regret their assumption of the risks of nonperformance in this manner; but the courts let them lie on the bed they made.... ”
Metro. Life Ins. Co. v. Noble Lowndes Int’l, Inc., 84 N.Y.2d 430, 436, 618 N.Y.S.2d 882, 643 N.E.2d 504 (1994) (footnote omitted). See also FlightSafety Int’l, Inc. v. Flight Options, LLC, 418 F.Supp.2d 103, 108-09 (E.D.N.Y.2005) (“[Pjlaintiff argues that if it was precluded from recovering the damages it seeks as a result of the alleged breach of the ... Contract, this would render defendant’s obligations illusory. However, the plain language of the ... Contract is clear that both parties are relieved from liability for, inter alia, ‘loss *771 of profits,’ in the event that there is a breach of any provision of the agreement. Far from being illusory, this provision is mutual”), vacated in part on other grounds, 194 Fed.Appx. 58 (2d Cir.2006).
Based on the foregoing, we direct the trial court to vacate that portion of the final judgment awarding benefit-of-the-bargain damages to U.S. Global under the asset purchase agreement. We remand for the court to determine whether U.S. Global is entitled to the sole remedy of specific performance under that agreement.
Progress Energy also appeals that portion of the final judgment awarding damages to U.S. Global under four separate commission and services agreements. We affirm that portion of the final judgment without further discussion.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

POLEN and GERBER, JJ., concur.[1]
CONNER, J., dissents with opinion.